UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRANCE BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   NO. 2:23CV426-PPS/JEM |
| | ) |
| DAVID BREWER, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

In Case No. 2:20CR148 in this court, Terrance Brown was found guilty of bank robbery after a non-jury trial, and I sentenced him to a prison term of 180 months. The conviction and sentence were affirmed on direct appeal in August 2023. Representing himself without an attorney, Brown has initiated this separate action by filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241, using the fillable form AO 242 provided by the Administrative Office of the U.S. Courts. [DE 1.] As Brown indicates on the form, he is challenging "[t]he validity of [his] conviction or sentence as imposed." [*Id*. at 2.] More specifically, Brown challenges the career offender enhancement applied at his sentencing and the failure of his counsel to assert that challenge on direct appeal. [*Id*. at 6, 7.] In its current form, Brown's petition will be dismissed without prejudice, for the following reasons.

Principles of finality are paramount to our system of justice. *Edwards v. Vannoy*, 593 U.S. ___, 141 S.Ct. 1547, 1554 (2021); *Teague v. Lane*, 489 U.S. 288, 309 (1989). Litigation, whether civil or criminal, must come to an end and not be subject to endless

challenges and appeals. "No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing that a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved." *Mackey v. United States*, 401 U.S. 667, 691 (1971) (Harlan, J., concurring in judgments in part and dissenting in part). For that reason, there are limits on challenges to a criminal conviction that has become final after appeals.

The ordinary means for a federal prisoner to make such a challenge is a motion "to vacate, set aside, or correct the sentence" filed pursuant to 28 U.S.C. §2255. The availability of recourse to §2255 is not unlimited. A one-year period of limitation applies under §2255(f). A second or successive §2255 motion requires permission from the court of appeals, which is granted only on certain findings that support an exception to finality. *See* §2255(h); §2244(b). But those limits cannot be avoided by invoking §2241 instead. "Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under §2255, rather than by a petition for a writ of habeas corpus under §2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). *See also Hogsett v. Lillard*, 72 F.4th 819, 820 (7th Cir. 2023). Rather than to challenge the validity of a conviction or the sentence imposed, §2241 is often used to challenge the manner in which a sentence is being administered, for example raising issues about sentencing credit computations by the Bureau of Prisons or prison disciplinary procedures. In fact, "§2255(e) bars a federal prisoner

2

from proceeding under §2241 'unless…the [§2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Jones*, 599 U.S. at 469.  Brown has not yet filed a motion under §2255 and does not attempt any showing that one would be inadequate or ineffective within the meaning of §2255(e).  So Brown's invocation of §2241 as the platform for his grounds for relief is misplaced.

Another less substantive problem with Brown's §2241 petition is that it is filed in the wrong place.  Brown is currently serving his sentence at the United States Penitentiary Big Sandy in Inez, Kentucky.  The AO 242 form §2241 petition directs that the warden having custody of the petitioner be named as the respondent, and Brown has filled in the name of David Brewer.[1]  But in addition to naming the warden, a §2241 that challenges a defendant's custody should be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Al-Marri v. Rumsfeld*, 360 F.3d 707, 709-10 (7th Cir. 2004) ("Appellate courts regularly dismiss actions under §2241 filed outside the judicial district that contains the place of the prisoner's detention").  In the case of USP Big Sandy, that would be the United States District Court for the Eastern District of Kentucky.  If this case is to proceed as a §2241 petition, it would need to be filed there rather than in the Northern District of Indiana.

So for several reasons Brown's §2241 petition filed here is a non-starter.  Because it reads like a §2255 motion, it might be construed as one.  "[A] postconviction motion

---

[1] My quick internet search was unable to confirm that David Brewer is the warden of USP Big Sandy, likely for reasons of security.

that is functionally, substantively, a motion under section 2255 (the federal prisoner's habeas corpus substitute) should be treated as such, even if labeled differently." *Henderson v. United States*, 264 F.3d 709, 710 (7th Cir. 2001). But, because of the limits on §2255 motions, I cannot do this without advising Brown and giving him the opportunity to prevent the §2241 petition from being treated as his first motion under §2255:

> the court cannot...recharacterize a *pro se* litigant's motion as the litigant's first §2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent §2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Castro v. United States*, 540 U.S. 375, 377 (2003) (emphasis in original). In letters Brown has submitted in his closed criminal case, he has made reference both to the §2241 petition he has filed as well as to his intention to file a §2255 motion in the future. [DE 112, 113 in Case No. 2:20CR148.] Here, where Brown has expressed an intention to file a motion under §2255, and has plenty of time remaining in which to do so, I will not take the route of giving him a *Castro* notice. Instead, I will dismiss the §2241 petition but without prejudice to Brown's filing of a timely §2255 motion, which should be submitted in his closed criminal case.

ACCORDINGLY:

Terrance Brown's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 [DE 1] is DENIED without prejudice to his filing of a timely Motion to Vacate under 28 U.S.C. §2255.

SO ORDERED.

ENTERED:  January 19, 2024.

    /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE